## SMITH & DOWNS *v.* A. E. REYNOLDS.

(*United States Circuit Court, Special Term, September, 1880*).

TITLE BONDS TO MINING PROPERTY, WITHOUT A CONSIDERATION, ARE VOID. The complaint was a bill for specific performance based upon a title bond executed by three of the defendants to the complainants, in pursuance of which they bound themselves to convey three-fifths of the "Terrible Mine" to the plaintiffs, upon the payment of certain sums therein named, within a specified time. Before the expiration of the time the said three defendants had sold and conveyed the property to John H. Maugham, and he had conveyed to A. E. Reynolds. Reynolds set up in his answer that the title bond was given without consideration. The complainants excepted to this portion of Reynolds' answer. Upon this particular exception Judge Hallett said:

As to the exception to the separate answer of Reynolds, alleging that the bond executed by three of the defendants to the plaintiffs was a voluntary bond, executed without any consideration, in my opinion it is not well taken. This exception must be overruled. Such bonds are of no force or effect whatever unless carried out by the obligees tendering the whole or some part of the agreed price, and the obligors accepting the same. To say that such a bond is capable of being enforced is to assert that one party is bound, while the other is not. If the purchaser is not bound neither is the vendor. It is not the case of a contract founded upon mutual promises, which is always enforceable. When there is a promise to sell, but no promise to buy, there is no contract. It is a promise without consideration. Of course if the seller when it is still within his power to sell, accepts the money, or some part of it, he is bound to make the conveyance; or if the consideration be that the obligee shall sink a shaft until mineral is struck, or that he shall do other work on the mine, the case would be different. In that event there would be no want of mutuality. It would be the case of an ordinary agreement, based upon a consideration.

But in the case before us the plaintiffs did not agree to take the property. Is it possible that Clark, Patton and Ottman were bound to sell, while Downs and Smith were not bound to buy? This I do not understand to be the law. I have always regarded this class of bonds as being without validity. I know there are some good lawyers who maintain that such a bond may be treated as a continuing offer during the time limited therein, and that the offer may be accepted at any time during that period. But this is not my view of the law. Mr Thomas stated that he could furnish some authorities which lay down a different doctrine. I now think this part of the answer presents a good defense. At the final hearing, upon a more extended examination of the authorities, my views may be modified, but as at present advised my conviction is that this bond is without validity.

---

# DIGEST AND NOTES OF RECENT CASES.

ACCOUNT STATED. To constitute an account stated, there must be an assent by the party to be charged, either express or fairly implied.—*Volkening* v. *De Graaf et al.*, N. Y. Ct. of Appeals, Washington Law Reporter.

ADVERSE TITLE, cannot be set up by a bank to defeat the suit of a depositor. M. kept an account in his own name in a National bank. The bank notified him not to draw any more against his account, as they proposed to hold it for the security of an indebtedness of T. & M., whose money the deposit they alleged really was. *Held*, that the bank had no right to claim as between themselves and their depositor that the deposit belonged to any one else except the depositor.—*First National Bank of Lock Haven* v. *Mason*, Sup. Ct. Penn., Phil. Legal Intel.

ASSIGNMENT. An assignment by the obligee or his assignee of a bond for the conveyance of real estate will not take effect as against a subsequent *bona fide* purchaser or encumbrancer, unless recorded.—*McFarran* v. *Knox*, Sup. Ct. Colo.

ATTORNEY AT LAW.—*Disbarment for Misconduct.* The power of removal for just cause is as necessary to the administration of law as that of admission. A settlement made with a client and an attorney of a *nolle prosequi* in a criminal prosecution against the attorney after his arrest, and after an application by the client to the board of censors of the law association, does not operate as an absolution and remission of the offense.— W. N. C., Penn. S. C., Wis. Legal News.

AWARD. An award can not be vacated *for any error as to law or fact* that does not show partiality or corruption on the part of the arbitrators. —*John Adams, Adm.*, v. *J. Ringe*, Kentucky Court of Appeals, September Term.